UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x
ARSHDEEP GARCHA,

               Plaintiff,

               -against-

NEW YORK CITY, et al.,

               Defendants.
-----------------------------------------------------------x

22-CV-0637 (JPO) (OTW)

**OPINION & ORDER**

**ONA T. WANG**, **United States Magistrate Judge**:

       The Court has reviewed ECF Nos. 45 and 46. Defendants' motion for a protective order is **GRANTED**. *Pro se* Plaintiff's motion to compel non-party Linda Smith's deposition is **DENIED**.

       This is a Title VII employment discrimination case in which Plaintiff claims he was terminated on account of his race, and in retaliation for his complaints and objections about a 2018 ACS investigation in which he was a subject. (*See* ECF 1; ECF 26 at 1–3 and n.2). Non-party Linda Smith was the Child Protective Specialist ("CPS") who visited Plaintiff's home in connection with the 2018 ACS investigation. *Id.*

       Plaintiff appears to be pursuing a parallel state court action, *see Garcha v. New York City*, Index No. 300035/2020 (Sup. Ct. Bronx Cnty. 2020), in which he claims, *inter alia*, that Smith and other ACS employees violated his civil rights in the conduct and course of the 2018 ACS investigation. (ECF 45-1). In the Bronx County case, Plaintiff is directly challenging the actions of individuals involved in the 2018 ACS investigation, and thus, the investigation's merits. At best, the 2018 ACS investigation was (1) a proffered legitimate, nondiscriminatory reason for Plaintiff's termination; and/or (2) the source of Plaintiff's objections and complaints that in turn gave rise to his retaliation claim. As to Plaintiff's direct discrimination claim, Plaintiff

1

appears to be attacking the reliability of evidence supporting his employer's proffered reason(s) for terminating him. Moreover, Smith was not a decisionmaker as to Plaintiff's employment, so her deposition is not necessary for Plaintiff's direct employment discrimination claim. *See McPherson v. New York City Dep't of Educ.*, 457 F.3d 211, 216 (2d Cir. 2006) ("In a discrimination case, however, we are decidedly not interested in the truth of the allegations against plaintiff. We are interested in what "*motivated* the employer[]"; the factual validity of the underlying imputation against the employee is not at issue.") (internal citation omitted). Similarly, for Plaintiff's retaliation claim, the focus is on whether Plaintiff was terminated *in retaliation for* Plaintiff's objections or complaints, and not about whether those objections or complaints were justified or unfounded.[1]

Discovery is now closed. The parties are directed to meet and confer regarding whether either party will move for summary judgment, and if so, provide a proposed briefing schedule **by Thursday, May 30, 2024**. As this matter is referred to me for general pretrial management (ECF 28), the parties are directed to refer to Judge Oekten's individual rules regarding summary judgment briefing.

Defendants are directed to serve a copy of this Opinion & Order on *pro se* Plaintiff. The Clerk of Court is respectfully directed to close ECF Nos. 45 and 46.

**SO ORDERED.**

                                                                                                                               */s/  Ona T. Wang*

Dated: May 2, 2024                                                                                 **Ona T. Wang**
       New York, New York                                      United States Magistrate Judge

---

[1] The Court notes that Plaintiff may be able to depose Smith as a party in the Bronx County and Smith's sworn statements in that case could be admissible in this case.